United States Bankruptcy Court

Middle District of Pennsylvania

In re:  
Lora L. Pringle  
    Debtor

Case No. 21-00803-HWV  
Chapter 13

# CERTIFICATE OF NOTICE

District/off: 0314-4      User: AutoDocke      Page 1 of 2  
Date Rcvd: May 18, 2021      Form ID: pdf002      Total Noticed: 25

The following symbols are used throughout this certificate:  
**Symbol**     **Definition**

\+     Addresses marked '+' were corrected by inserting the ZIP, adding the last four digits to complete the zip +4, or replacing an incorrect ZIP. USPS regulations require that automation-compatible mail display the correct ZIP.

**Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on May 20, 2021:**

| Recip ID | | Recipient Name and Address |
|---|---|---|
| db | | Lora L. Pringle, 141 Maple St, Jersey Shore, PA 17740-1615 |
| 5402705 | + | CKS Prime Investments LLC, 1800 Route 34, Ste 305, Wall, NJ 07719-9168 |
| 5402706 | | Commentiy Capital Bank/Big Lots, PO Box 182120, Columbus, OH 43218-2120 |
| 5402704 | | Doran & Doran PC, 69 Public Sq Ste 700, Wilkes-Barre, PA 18701-2588 |
| 5402712 | | Mariner Finance, 201 Basin St Unit 14, Williamsport, PA 17701-5360 |
| 5402711 | | Mariner Finance, 8211 Town Center Dr, Nottingham, MD 21236-5904 |
| 5402703 | | Pringle Lora L, 141 Maple St, Jersey Shore, PA 17740-1615 |
| 5402717 | | UHG I LLC, 6400 Sheridan Dr Ste 138, Williamsville, NY 14221-4842 |

TOTAL: 8

**Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.**  
Electronic transmission includes sending notices via email (Email/text and Email/PDF), and electronic data interchange (EDI). Electronic transmission is in Eastern Standard Time.

| Recip ID | | Notice Type: Email Address | Date/Time | Recipient Name and Address |
|---|---|---|---|---|
| cr | + | Email/PDF: rmscedi@recoverycorp.com | May 18 2021 19:04:50 | PRA Receivables Management, LLC, PO Box 41021, Norfolk, VA 23541-1021 |
| 5402709 | | Email/Text: letterprocessing@diversifiedrecoverybureaullc.com | May 18 2021 18:56:00 | Diversified Recovery Bureau, Collector for UHG I LLC, 40 Gardenville Parkway Ste 201, West Seneca, NY 14224 |
| 5402707 | | Email/PDF: pa_dc_ed@navient.com | May 18 2021 19:05:20 | Department of Education, 123 S Justison St Fl 3, Wilmington, DE 19801-5360 |
| 5402708 | | Email/PDF: pa_dc_ed@navient.com | May 18 2021 19:05:05 | Department of Education/Navient, 123 S Justison St Fl 3, Wilmington, DE 19801-5360 |
| 5402710 | | Email/Text: cashiering-administrationservices@flagstar.com | May 18 2021 18:56:00 | Flagstar Bank, 5151 Corporate Dr, Troy, MI 48098-2639 |
| 5410197 | + | Email/Text: cashiering-administrationservices@flagstar.com | May 18 2021 18:56:00 | LAKEVIEW LOAN SERVICING, LLC, c/o Flagstar Bank, FSB, 5151 Corporate Drive, Troy, MI 48098-2639 |
| 5407096 | | Email/PDF: MerrickBKNotifications@Resurgent.com | May 18 2021 19:05:03 | MERRICK BANK, Resurgent Capital Services, PO Box 10368, Greenville, SC 29603-0368 |
| 5402713 | | Email/PDF: MerrickBKNotifications@Resurgent.com | May 18 2021 19:05:03 | Merrick Bank, PO Box 9201, Old Bethpage, NY 11804-9001 |
| 5402714 | | Email/Text: bankruptcydpt@mcmcg.com | May 18 2021 18:56:00 | Midland Credit Management, PO Box 939069, San Diego, CA 92193-9069 |
| 5404057 | | Email/PDF: pa_dc_claims@navient.com | May 18 2021 19:04:49 | Navient Solutions, LLC. on behalf of, Department of Education Loan Services, PO BOX 9635, Wilkes-Barre, PA 18773-9635 |
| 5402715 | | Email/PDF: cbp@onemainfinancial.com | May 18 2021 19:05:03 | OneMain, PO Box 1010, Evansville, IN 47706-1010 |
| 5405776 | + | Email/PDF: cbp@onemainfinancial.com | May 18 2021 19:05:03 | OneMain Financial, PO Box 3251, Evansville, IN 47731-3251 |
| 5402716 | | Email/Text: bankruptcynotices@psecu.com | May 18 2021 18:56:00 | PSECU, PO Box 67013, Harrisburg, PA |

| | | | |
|---|---|---|---|
| 5406748 | Email/Text: bnc-quantum@quantum3group.com | May 18 2021 18:56:00 | 17106-7013<br>Quantum3 Group LLC as agent for, CKS Prime Investments LLC, PO Box 788, Kirkland, WA 98083-0788 |
| 5403043 | + Email/PDF: gecsedi@recoverycorp.com | May 18 2021 19:04:48 | Synchrony Bank, c/o PRA Receivables Management, LLC, PO Box 41021, Norfolk, VA 23541-1021 |
| 5402718 | Email/Text: bbaker@wyrope.org | May 18 2021 18:56:00 | Wyrope Williamsport FCU, 1536 Riverside Dr, South Williamsport, PA 17702-7039 |
| 5409358 | + Email/Text: BKRMailOps@weltman.com | May 18 2021 18:56:00 | Wyrope Williamsport Federal Credit Union, c/o Weltman, Weinberg & Reis Co., L.P.A., 965 Keynote Circle, Brooklyn Heights, OH 44131-1829 |

TOTAL: 17

# BYPASSED RECIPIENTS

The following addresses were not sent this bankruptcy notice due to an undeliverable address, *duplicate of an address listed above, *P duplicate of a preferred address, or ## out of date forwarding orders with USPS.

NONE

# NOTICE CERTIFICATION

I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.

Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed .R. Bank. P.2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.

Date: May 20, 2021    Signature:    /s/Joseph Speetjens

# CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system on May 18, 2021 at the address(es) listed below:

| Name | Email Address |
|---|---|
| Jack N Zaharopoulos (Trustee) | TWecf@pamd13trustee.com |
| Lisa M. Doran | on behalf of Debtor 1 Lora L. Pringle ldoran@dorananddoran.com |
| Rebecca Ann Solarz | on behalf of Creditor LAKEVIEW LOAN SERVICING LLC bkgroup@kmllawgroup.com |
| United States Trustee | ustpregion03.ha.ecf@usdoj.gov |

TOTAL: 4

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

IN RE: : CHAPTER 13

LORA L. PRINGLE : CASE NO. 4-21-00803
Aka Lora Lee Pringle
      Debtor(s)

: __X__ ORIGINAL PLAN
: _____ AMENDED PLAN
:      (indicate 1st, 2nd, 3rd, etc)
: _____ Number of Motions to Avoid Liens
: _____ Number of Motions to Value
:      Collateral

## CHAPTER 13 PLAN

### NOTICES

Debtors must check one box on each line to state whether or not the plan includes each of the following items. If an item is checked as "Not Included" or if both boxes are checked or if neither box is checked, the provision will be ineffective if set out later in the plan.

| | | | |
|---|---|---|---|
| 1 | The plan contains nonstandard provisions, set out in §9, which are not included in the standard plan as approved by the U.S. Bankruptcy Court for the Middle District of Pennsylvania. | ■ Included | ☐ Not Included |
| 2 | The plan contains a limit on the amount of a secured claim, set out in § 2.E. which may result in a partial payment or no payment at all to the secured creditor. | ☐ Included | ■ Not Included |
| 3 | The plan avoids a judicial lien or nonpossessory, nonpurchase-money security interest, set out in § 2.G. | ☐ Included | ■ Not Included |

### YOUR RIGHTS WILL BE AFFECTED

READ THIS PLAN CAREFULLY. If you oppose any provision of this plan you must file a timely written objection. This plan may be confirmed and become binding on you without further notice or hearing unless a written objection is filed before the deadline stated on the Notice issued in connection with the filing of the plan.

1. **PLAN FUNDING AND LENGTH OF PLAN**

    A. <u>Plan Payments From Future Income</u>

        1. To date, the Debtor paid $_0__(enter $0 if no payments have been made to the Trustee to date). Debtor shall pay to the Trustee for the remaining term of the plan the following payments. If applicable, in addition to monthly plan payments, Debtor shall make conduit payments through the Trustee as set forth below. The total

1

base plan is $ <u>see "Total Payments" in chart below</u> plus other payments and property stated in § 1B below:

| Start mm/yy | End Mm/yy | Plan Payment | Estimated Conduit Payment | Total Monthly Payment | Total Payment Over Plan Tier |
|---|---|---|---|---|---|
| 4/2021 | 4/2022 | $ 245.00 | $0 | $ 245.00 | $ 3,185.00 |
| 5/2022 | 2/2023 | $ 545.00 | $0 | $ 545.00 | $ 5,450.00 |
| 3/2023 | 3/2026 | $ 645.00 | $0 | $ 645.00 | $ 23,865.00 |
|  |  |  |  | Total Payments: | $ 32,500.00 |

2. If the plan provides for conduit mortgage payments, and the mortgagee notifies the Trustee that a different payment is due, the Trustee shall notify the Debtor and any attorney for the Debtor, in writing, to adjust the conduit payments and the plan funding. Debtor must pay all post-petition mortgage payments that come due before the initiation of conduit mortgage payments.

3. Debtor shall ensure that any wage attachments are adjusted when necessary to conform to the terms of the plan.

4. CHECK ONE: ( ) Debtor is at or under median income. *If this line is checked, the rest of §1.A.4 need not be completed or reproduced.*

( X ) Debtor is over median income. Debtor estimates that a minimum of $ 36,001.80 must be paid to allowed unsecured creditors in order to comply with the Means Test.

B. **Additional Plan Funding From Liquidation of Assets/Other**

1. The Debtor estimates that the liquidation value of this estate is $0 . (Liquidation value is calculated as the value of all non-exempt assets after the deduction of valid liens and encumbrances and before the deduction of Trustee fees and priority claims.)

Check one of the following two lines:

<u>  X  </u>   No assets will be liquidated. *If this line is checked, the rest of § 1.B need not be completed or reproduced.*

3. Other payments from any source(s) (describe specifically) shall be paid to the Trustee as follows:_____

2

2. **SECURED CLAIMS**

   A. <u>**Pre-Confirmation Distributions.**</u> *Check one:*

   _____ None. *If "None" is checked, the rest of § 2.A need not be completed or reproduced.*

   __X__ Adequate protection and conduit payments in the following amounts will be paid by the Debtor to the Trustee. The Trustee will disburse these payments for which a proof of claim has been filed as soon as practicable after receipt of said payments from the Debtor.

   | Name of Creditor | Last Four Digits of Account Number | Estimated Monthly Payment |
   |---|---|---|
   | ONE MAIN FINANCIAL |  | $ 106.33 |

   1. The Trustee will not make a partial payment. If the Debtor makes a partial plan payment, or if it is not paid on time and the Trustee is unable to pay timely a payment due on a claim in this section, the Debtor's cure of this default must include any applicable late charges.

   2. If a mortgagee files a notice pursuant to Fed.R.Bankr. P. 3002.1(b), the change in the conduit payment to the Trustee will not require modification of this plan.

   B. <u>**Mortgages (including Claims Secured by Debtor's Principal Residence) and Other Direct Payments by Debtor.**</u> *Check one*

   _____ None. *If "None" is checked, the rest of § 2.B need not be completed or reproduced.*

   __X__ Payments will be made by the Debtor directly to the creditor according to the original contract terms, and without modification of those terms unless otherwise agreed to by the contracting parties. All liens survive the plan if not avoided or paid in full under the plan.

   | Name of Creditor | Description of Collateral | Last Four Digits of Account Number |
   |---|---|---|
   | FLAGSTAR BANK | 141 Maple St, Jersey Shore, PA |  |
   | PSECU | 141 Maple St, Jersey Shore, PA |  |
   | WYROPE WILLIAMSPORT | 2016 Hyundai Elantra (final contract loan payment 4/2022) |  |

   C. <u>**Arrears (including but not limited to, claims secured by Debtor's principal residence).**</u> *Check one.*

   __X__ None. *If "None" is checked, the rest of § 2.C need not be completed or reproduced.*

3

D. **Other secured claims (conduit payments and claims for which a §506 valuation is not applicable, etc)**

   __X__ None. *If "None" is checked, the rest of § 2.D need not be completed or reproduced*

E. **Secured claims for which a §506 valuation is applicable.** *Check one*

   ____ None. *If "None" is checked, the rest of § 2.E need not be completed or reproduced.*

   __X__ Claims listed in the subsection are debts secured by property not described in §2.D of this plan. These claims will be paid in the plan according to modified terms, and liens retained until the earlier of the payment of the underlying debt determined under nonbankruptcy law or discharge under §1328 of the Code. The excess of the creditor's claim will be treated as an unsecured claim. Any claim listed as "0.00" or "NO VALUE" in the "Modified Principal Balance" column below will be treated as an unsecured claim. The liens will be avoided or limited through the plan or Debtor will file an adversary or other action (select method in last column). To the extent not already determined, the amount, extent, or validity of the allowed secured claim for each claim listed below will be determined by the court at the confirmation hearing. Unless otherwise ordered, if the claimant notifies the Trustee that the claim was paid, payments on the claim shall cease.

| Name of Creditor | Description of Collateral | Value of Collateral (Modified Principal) | Interest Rate | Total Payment | Plan or Adversary Action |
|---|---|---|---|---|---|
| **ONE MAIN FINANCIAL** | 2004 Dodge Dakota | $ 5,500.00 | 6% | $6,379.80 | **PLAN** |

F. **Surrender of Collateral:** *Check one*

   __X__ None. *If "None" is checked, the rest of § 2.F need not be completed or reproduced.*

G. **Lien Avoidance.** Do not use for mortgages or for statutory liens, such as tax liens *Check one.*

   __X__ None. *If "None" is checked, the rest of § 2.G need not be completed or reproduced.*

3. **PRIORITY CLAIMS**

   A. **Administrative Claims**

      1. Trustee Fees. Percentage fees payable to the Trustee will be paid at the rate fixed by the United States Trustee.

2. <u>Attorney fees.</u> Complete only one of the following options:
   a. In addition to the retainer of $_____ already paid by the Debtor, the amount of $_____ in the plan. This represents the unpaid balance of the presumptively reasonable fee specified in L.B.R. 2016-2(c); or

   b. $ _285.00_ per hour, with the hourly rate to be adjusted in accordance with the terms of the written fee agreement between the Debtor and the attorney. Payment of such lodestar compensation shall require a separate fee application with the compensation approved by the Court pursuant to L.B.R.. 2016-2(b).

3. <u>Other.</u> Other administrative claims not included in §§3.A.1 or 3.A.2 above. *Check one of the following two lines:*

   __X__ None. *If "None" is checked, the rest of § 3.A.3 need not be completed or reproduced.*

B. **Priority Claims (including, certain Domestic Support Obligations**

Allowed unsecured claims entitled to priority under § 1322(a) will be paid in full unless modified under §9.

| Name of Creditor | Estimated Total Payment |
|---|---|
|  | $ |
|  | $ |

C. **Domestic Support Obligations assigned to or owed to a governmental unit under 11 U.S.C. §507(a)(1)(B).** *Check one of the following two lines:*

   __X__ None. *If "None" is checked, the rest of § 3.C need not be completed or reproduced.*

4. **UNSECURED CLAIMS**

   A. **Claims of Unsecured Nonpriority Creditors Specially Classified.** Check one of the following two lines:

   __X__ None. *If "None" is checked, the rest of § 4.A need not be completed or reproduced.*

   B. **Remaining allowed unsecured claims will receive a pro-rata distribution of funds remaining after payment of other classes.**

5

## 5. EXECUTORY CONTRACTS AND UNEXPIRED LEASES. *Check one of the following two lines:*

　　__X__ None. *If "None" is checked, the rest of § 5 need not be completed or reproduced.*

## 6. VESTING OF PROPERTY OF THE ESTATE.

**Property of the estate will vest in the Debtor upon**

*Check the applicable line:*

　　__X__ plan confirmation.
　　_____ entry of discharge.
　　_____ closing of case.

## 7. DISCHARGE (Check One)

　　( **X** ) The debtor will seek a discharge pursuant to §1328(a).

　　(　) The debtor is not eligible for a discharge because the debtor has previously received a discharge described in §1328(f).

## 8. ORDER OF DISTRIBUTION:

If a pre-petition creditor files a secured, priority, or specially classified claim after the bar date, the Trustee will treat the claim as allowed, subject to objection by the Debtor.

Payments from the plan will be made by the Trustee in the following order:
Level 1: _____
Level 2: _____
Level 3: _____
Level 4: _____
Level 5: _____
Level 6: _____
Level 7: _____
Level 8: _____

If the above Levels are filled in, the rest of § 8 need not be completed or reproduced. If the above Levels are not filled- in, then the order of distribution of plan payments will be determined by the Trustee using the following as a guide:

Level 1:　Adequate protection payments.
Level 2:　Debtor's attorney's fees.
Level 3:　Domestic Support Obligations.
Level 4:　Priority claims, pro rata.
Level 5:　Secured claims, pro rata.
Level 6:　Specially classified unsecured claims.
Level 7:　Timely filed general unsecured claims.
Level 8:　Untimely filed general unsecured claims to which the Debtor has not objected.

6

## 9. NONSTANDARD PLAN PROVISIONS

*Include the additional provisions below or on an attachment. Any nonstandard provision placed elsewhere in the plan is void. (NOTE: The plan and any attachment must be filed as one document, not as a plan and exhibit)*

A. There are no known arrears on the vehicle loan with WYROPE WILLIAMSPORT or mortgage with PSECU, but if arrears are filed in an allowed proof of claim, the arrears will be paid in this Plan.

B. The Debtor obtained a temporary mortgage forbearance with FLAGSTAR BANK. It is anticipated that the forbearance amount will be added to the end of the mortgage loan. There are no known arrears outside of the forbearance, but if arrears are filed in an allowed proof of claim, they will be paid in the plan.

C. Any amount paid to ONE MAIN as preconfirmation adequate protection under § 2A will be apply toward the total amount being paid to ONE MAIN IN §2E.

D. Once ONE MAIN has been paid the sum of $6,379.80 as indicated in §2E, ONE MAIN will release the lien and return the title to the 2004 Dodge Dakota to the Debtor.

Dated: 4-14-2021

Attorney for Debtor

Lora L. Pringle

By filing this document, the debtor, if not represented by an attorney, or the Attorney for Debtor also certifies that this plan contains no nonstandard provisions other than those set out in §9.

7